O’Neall J.
delivered the opinion of the Court.
The decision in Smith v. Mitchell, Rice’s Rep., 316, decided, that where the defendant, before the cause of action accrued, went beyond the State, the statute of limitations did not begin to run until his return under the 19th section of 4th Anne, c. 16. This case claims that where both parties are beyond seas at the making of the contract, and the defendant comes within the State, leaving the plaintiff beyond seas, that in that case the plaintiff is either without limitation, or has six years.
I am satisfied that the ruling of the Judge below is right. The statute of Anne was made of force, and the Act of 1712 was passed the same day. Where not inconsistent, it has been held that both may operate. It is true that the statute of Anne gives to a plaintiff, having a cause of action accrued against a person while he is out of the State, (or beyond seas, as the statute expresses it,) the period, limited by the statute of James, six years within which to bring his action after the party shall return to the State; but the Act of 1712 was intended to abridge the time given by the statute of James, and instead of six years, gave only four years. This would necessarily enter into the construction of the statute of Anne, and instead of allowing the period of' the statute of James, which was adopted by it as the then existing period oí limitation, would take in its place that settled by the Act of 1712. The principle of “.Leges posteriores priores abroga,nl,” would lead to this result. For although the statute of Anne was made of force the same day the statute of 1712 was passed, yet all inconsistent provisions of the letter must be regarded, as they are in fact later expressions of the legislative will. The 10 sec. of the Act of 1712, P. L. 102, 2 Statute at Large, 588, must govern this case; it provides, “that if any person or persons is or shall be entitled to any' such action of trespass, detinue, action in trover, replevin, actions of account, debt, covenant, actions of assault, menace, battery, wounding, or imprisonment, actions upon the case for words, and at the time of any such cause of action given or accrued, shall be beyond seas, *329 feme covert, or imprisoned, shall be at liberty to bring their action within five years after such cause of actions given or accrued.” It is singular, that in this clause the action upon the case generally comprehending the action of assumpsit, should be omitted; and it is therefore possible that a plaintiff beyond seas, in such action, may, whenever it be necessary to look to that, find it difficult to claim more than four years. I, however, here give the plaintiff the benefit of five years, and allowed him to compute that time from the time at which the defendant came into this State. Doing so, it is plain that he is barred.
The motion is dismissed.
Evans J., Waedlaw J., Feost J., and Withers J. concurred.